(Reap. Dec. 10500)

W. J. BYRNES & CO. OF N.Y., INC., ET AL. *v.* UNITED STATES

Entry No. 770642, etc.

(Decided April 30, 1963)

*Barnes, Richardson & Colburn* for the plaintiffs.

*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Judge: The appeals for reappraisement enumerated in schedule "A," annexed to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED, by and between the parties hereto, subject to the approval of the Court, as follows:

1. That the involved merchandise was imported on or after the effective date of the Customs Simplification Act of 1956 and is not identified on the Final List

published by the Secretary of the Treasury pursuant to said act (T.D. 54521) ; that appraisement was accordingly made under the provisions of Section 402 of the Tariff Act of 1930 as amended by said Customs Simplification Act.

2. That on or about the dates of exportation, the prices at which such or similar merchandise was freely sold or offered for sale in the principal markets of the country of exportation, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, such prices including the cost of all containers and coverings of whatever nature and all other expenses incidental to placing the merchandise in condition packed ready for shipment to the United States were the appraised values less the proportionate part of the amount on the invoices described as buying commission.

3. That the appeals on Schedule "A" annexed may be submitted on this stipulation the same being limited to the merchandise and issues described hereinabove and abandoned in all other respects.

Upon the agreed facts, I find export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals for reappraisement and that such values were the appraised values, less the proportionate part of the amount on the invoices described as buying commission.

Judgment will be entered accordingly.